Mr. Justice MILLER
 

 delivered the opinion of the court.
 

 The writ of prohibition, as its name imports, is one which commands the person to whom it is directed not to do something which, by the suggestion of the relator, the court is informed he is about to do. If the thing be already done, it is manifest the writ of prohibition cannot undo it, for that would require an affirmative act; and the only effect of a writ of prohibition is to suspend all action, and to prevent
 
 *162
 
 any further proceeding in the prohibited direction. In the case before us the writ, from its very nature, could do no more than forbid the judge of the District Court from proceeding any further in the case in admiralty.
 

 The return shows that such an order is unnecessary, and will be wholly useless, for the case is not now pending before that court, and there is no reason to suppose that it will be in any manner revived or brought up again for action. The facts shown by the return negative such a presumption.
 

 Counsel has argued very ingeniously that the case should be considered as remaining in the court below, in the same position as it was when the rule issued from this court; but we cannot so regard it. By the action of the libellant and the consent of the court, the case is out of court, and the relator is no longer harassed by an attempt to exercise over him a jurisdiction which he claims to be unwarranted. If the return shows no more, it shows that the district judge has no intention of proceeding further in that case. How, ought the writ to issue to him under such circumstances? It would seem to be an offensive and useless exercise of authority for the court to order it.
 

 The suggestion that there are or may be other cases against the relator of the same character can have no legal force in this case. If they are now |>ending, and the relator will satisfy the court that they are proper cases for the exercise of the court’s authority, it would probably issue writs instead of a rule, but a writ in this case could not restrain the judge in the other cases by its own force, and could affect his action only so far as he might respect the principle on which the court acted in this case. We are not prepared to adopt the rule that we will issue a writ in a i case where its issue is not justified, for the sole purpose of establishing a principle to govern other oases.
 

 We have examined carefully all the cases referred to by counsel which show that a prohibition may issue after sentence or judgment; but in all these cases something remained which the court or party to whom the writ was
 
 *163
 
 directed might do, and probably would have done, as the collection of costs, or otherwise enforcing the sentence.
 

 Here the return shows that nothing is left to be done in the case. It is altogether gone out of the court.
 

 These views are supported by the following cases:
 

 In
 
 United States
 
 v. Peters,
 
 *
 
 which was an application for prohibition to the admiralty, this court suspended its decision to give the libellant an opportunity to dismiss his libel. The court finally issued the writ, but there seems no reason to doubt, from the report of the case, that it would have considered such action by the libellant as an answer to the request for the writ.
 

 In the case of
 
 Hall
 
 v.
 
 Norwood
 

 †
 
 — a very old cáse, when writs of prohibition were much more common than now — a prohibition was asked to a court of the Cinque Ports at Dover. 'While the case was under consideration, the reporter says:
 
 “
 
 On the other hand the court was informed that they had proceeded to judgment and execution at Dover, and therefore that they move here too late for a prohibition, and of this opinion was the court, since there is no person to be prohibited, and possessions are never taken away or disturbed by prohibitions.” The marginal note by the reporter is this:
 
 “
 
 Prohibition will not lie after the cause is ended.”
 

 The rule heretofore granted in this case is
 

 DISCHARGED
 

 *
 

 3 Dallas, 121.
 

 †
 

 Siderfin, 166.