THE STATE ex rel. MORSE et al. v. BURCKHARTT, Judge, et al.

1. **Prohibition.** The circuit court possesses a general superintending control over the county court in the matter of granting or refusing dramshop licenses, and such control cannot be interfered with by the writ of prohibition, and this is so, although its judgment on the question before it was erroneous.

2. ———. Where a court has jurisdiction to determine a question before it, prohibition will not lie to restrain its exercise.

## *Prohibition.*

WRIT DENIED.

*D. H. McIntyre* and *W. J. & J. G. Babb* for relators.

(1) The office of the writ of prohibition is to keep inferior courts within the limits of their proper jurisdiction, and when they get out of their jurisdiction or act without authority, or usurp or assume authority, a superior court, in the exercise of its superintending control by the means of this writ, will restrain the action of such courts. 3 Black. Com. 112; Bacon Ab. 7 London Ed.; Comyn's Dig., Title Prohibition; *People v. Supervisors,* 1 Hill 195, 200; *Thomas v. Mead,* 36 Mo. 232, 237; *State ex rel. West v. Clark County Court,* 41 Mo. 44, 49; *Vitt v. Owens,* 42 Mo. 512; *State ex rel Harris v. Laughlin,* 75 Mo. 148. (2) Where the failure of jurisdiction is apparent upon the face of the proceedings, which it is sought to prohibit, the superior court may interpose the extraordinary aid of prohibition at any stage of the proceedings below even after verdict, sentence or judgment. High Ex. Leg. Rem., sec. 774, (2 Ed.); *Smith v. Langley,* Lee's Cases, Hard. 317; *Asgill v. Hunt,* 10 Mod. Rep. 439; *Chickham v. Dickson,* 12 Mod. Rep. 132; *Pool v. Gardner, Ibid.* 206; *State v. Ridgel,* 2 Bailey, 560. (3) The act of March 25, 1875, was not repealed by any subsequent act. It is quite certain that the legislature never intended to repeal it. Repeals by implication are not favored. Cooley's Const. Lim. 183 (5 Ed.); *Towle v. Marrett,* 3 Me. 22; *People v. Quiggs,* 59 N. Y. 83, 88; 29 Gratt. 709; *Naylor v. Field,* 29 N. J. 287; *State v. Berry,* 12 Iowa, 58; *Lehman v. McBride,* 15 Ohio St. 573; *Pac. Ry. Co. v. Cass Co.,* 53 Mo. 17; *State ex rel Severance et. al.,* 55 Mo. 378, 386; *Glasgow v. Lindell's Heirs,* 50 Mo. 60, 79.

*A. M. Hough*, *J. C. McGinnis* and *Wellington Gordon* for respondents.

(1) Mandamus was the proper remedy to compel the county court to grant the license. *City*, etc. *v. Flanders*, 71 Mo. 283; *State, etc., v. Holt Co.*, 39 Mo. 523; *State v. Austin*, 10 Mo. 591; *St. Louis Co. v. Sparks*, 10 Mo. 117; *State, etc., v. Myers*, 80 Mo. 601; *State, etc., v. Howard Co.*, 39 Mo. 377. (2) Where the jurisdiction of a court exists prohibition will not lie to prevent its exercise. It cannot be used as a substitute for appeal or writ of error. *Ex parte Ellyson*, 20 Gratt. 10; *Arnold v. Shields*, 5 Dana, 18; *Wilson v. Berkstresser*, 45 Mo. 283; *Cooper v. Stocker*, 9 Rich. 292; *Ex parte Blackburn*, 5 Ark. 21; *State v. Railroad*, 1 Rich. (N. S.) 46; *Ex parte Gordon*, 2 Hill, 363; *People v. Seward*, 7 Wend. 518; *State v. Laclede Bank*, 76 Mo.; *Howard v. Pierce*, 38 Mo. 300; *Bowman case*, 67 Mo. 146; *Vitt v. Owens*, 42 Mo. 512; High Ex. Leg. Rem., sec. 771 and 772; *State v. Clark Co.*, 41 Mo. 44. Prohibition will in no case lie to an inferior court to restrain the issuing of an execution, for this is a ministerial not a judicial act. *Ex parte Brandlacht*, 2 Hill (N. Y.) 367. It is to prevent courts from going beyond their jurisdiction in the exercise of judicial powers. 2 Hill, *supra*, 367.

HENRY, C. J.—In September, 1885, Joseph Loring filed an application to the Boone county court for a dramshop license, under what is known as "The Downing" or "high license law," having complied with all the provisions of said law; and the county court so found, but refused the license, holding that the act approved March 25, 1875, prohibiting the granting of dramshop licenses within three miles of the State University was not repealed by the "Downing law" and

was still in force. Thereupon the said Loring applied to the circuit court of Boone county for a mandamus to compel the county court to fix the amount of state and county tax as required by statute, and issue to him on payment thereof a dramshop license. To an alternative writ the county court appeared and demurred, relying upon the three mile law as a ground for the demurrer. The court overruled the demurrer and the county court refusing to plead further, the circuit court rendered its final judgment awarding a peremptory writ as prayed for, and the relators in the present proceeding, strangers to the record in the mandamus proceeding, have applied to this court for a writ of prohibition to prevent the said Geo. H. Burckhartt, judge, and Josiah W. Stone, clerk of the circuit court and the Boone county court, from issuing or causing to be issued a peremptory writ of mandamus compelling the judges of the county court to issue the dramshop license prayed for and for general relief.

Judge Burckhartt's return to the rule upon him states what occurred in his court, and in addition, that after the adjournment of his court in obedience to the order for a peremptory writ and prior to the service of the rule made by this court upon him, and without any notice to him of this proceeding the peremptory writ of mandamus was issued by the clerk of the said court and placed in the hands of the sheriff of Boone county for service. The clerk's return is substantially the same, but it appears from the testimony that he issued the writ and placed it in the hands of the sheriff for service about one-half an hour before the rule to show cause issued by this court was served upon him. Before issuing the writ he knew that proceedings had been instituted in this court to prohibit the issuance of the writ, and that the rule to show cause had been made, and had been informed that he was a party to the proceeding.

The nature of the writ of prohibition and the office

it performs are very clearly stated by High on Extra-ordinary Remedies: He defines it as "an extraordinary judicial writ, issuing out of a court of superior jurisdiction and directed to an inferior court, for the purpose of preventing the inferior tribunal from usurping a jurisdiction with which it is not legally vested." Section 762. And "it does not lie for grievances which may be re-dressed, in the ordinary course of judicial proceedings, by appeal or writ of error." *Ib*. sec. 765. "If the inferior court has jurisdiction of the subject matter in a controversy, a mistaken exercise of that jurisdiction or of its acknowledged powers, will not justify a resort to the extraordinary remedy of prohibition." *Ib*. sec. 767. "It is never allowed to usurp the functions of a writ of error or *certiorari*, and can never be employed as a process for the correction of errors of inferior tribunals." *Ib*. sec. 772.

The county court of Boone county, under the law, could have issued to the applicant a dramshop license if the three mile act was repealed by the "Downing law," and this was a question for judicial determination. The circuit court possesses a superintending control over the county court. Sec. 1102, R. S., 1879. And that superintending control may be exercised by means of a mandamus or prohibition. *State ex rel. Fitzpatrick v. Meyers*, 80 Mo. 601. Whether the county court was authorized to grant a dramshop license for a saloon, within three miles of the State University, depended upon the effect of the "Downing law" upon the three mile act. If the "Downing law" repealed it, the county court had, and if not, it had not authority to grant the license. The circuit court in the mandamus proceeding had jurisdiction to determine that question, and that it erroneously decided it, if such should be our opinion, does not affect the jurisdiction of the court. Whenever a court errs in expounding a statute, it gives or denies a right, which it is not, strictly speaking, authorized to do; and in every case, with as much pro-

priety as in this, it might be said that the court had no right to render the judgment entered. The question is not whether the court was authorized to render the judgment entered, but whether it had jurisdiction to enter any judgment at all.

In the case of *State ex rel. Fitzpatrick v. Meyers,* *supra,* the circuit court of Nodaway county rendered a judgment in a mandamus proceeding awarding a peremptory writ against the county judges commanding them to fix and assess the tax and issue to Fitzpatrick a dramshop license. The county court had refused the license, upon its construction of the "Downing law," that it required a petition to be signed by two-thirds of the assessed taxpaying citizens of the entire city. This court held that a petition signed by two-thirds of the taxpayers of the block where the dramshop was to be kept was sufficient and affirmed the judgment of the circuit court. Suppose that the circuit court erred in its construction of the law, and that the county court was right, would it be contended that this court could have interfered by prohibition to arrest the execution of the judgment of the circuit court? Does the jurisdiction of a court depend upon the correctness or incorrectness of its decisions? And, if it properly decides a question is it to be held that it had jurisdiction, but if it errs the jurisdiction is to be denied? If it has jurisdiction to decide right, it has jurisdiction to decide wrong, and the only remedy for the party aggrieved in the latter case is an appeal or writ of error. In the case above supposed, the petitioner for a dramshop license may not have had to his petition the names of a majority of the taxpayers of the block, and the county court may have so held and refused the petition, but suppose the circuit court, against the law and the facts, had determined otherwise, would it be contended that it had no jurisdiction so to decide the question, but only to decide it right?

No man has a right to anything contrary to law, but

courts frequently err in declaring one to have a right which, on a proper construction of the law, would be denied him. On the theory that the three mile act was still in force the county court was not authorized to grant a dramshop license for a dramshop within three miles of the State University, but whether that act was in force or not was a judicial question which the county court in the first instance necessarily had jurisdiction to and must pass upon. And this court held in the *State ex rel. Fitzpatrick v. Meyers, supra,* that the circuit court by mandamus could review its action. If the circuit court, in its judgment against the county court, erred, an appeal or writ of error might have been prosecuted to reverse it ; and it is no answer to this that the judges of the county court refused to prosecute an appeal or writ of error. This court cannot interfere by this extraordinary writ to save the people of the district within which dramshops are prohibited from the consequences of the obstinacy, or whatever it may have been, which prompted the county judges to refuse to prosecute an appeal. But again, if the circuit court had no jurisdiction, then the judgment is void, and the county court nor any one is bound by it and no necessity exists for a resort to the writ of prohibition. *Ex Parte Brandlacht* 2 Hill, 367. Where there is a complete remedy at law that is a sufficient reason for withholding this writ. High on Extr. Legal Remedies, sec. 770, and cases cited in note 1.

Another objection to this proceeding, so far as Judge Burckhartt is concerned, is that the judgment had been rendered and his court adjourned to court in course before the rule issued by this court was served upon him and before he had any notice of this proceeding. The writ of prohibition "is a preventive rather than a corrective remedy and issues only to prevent the commission of a future act, and not to undo an act already performed." High on Ex. Legal Rem., sec. 766 ; *United States v. Hoffman,* 4 Wall. 158. But at page

616, section 774, Mr. High says: "The rule is supported by an overwhelming array of authority, that where the defect or failure of jurisdiction is apparent upon the face of the proceedings which it is sought to prohibit, the superior tribunal may interpose the extraordinary aid of a prohibition, at any stage of the proceedings below, even after verdict, sentence or judgment." For this he cites numerous old English cases, and in all of them which we have been able to find the prohibition went from a temporal to a spiritual court, and at a time when the former courts were watchful and jealous of the encroachments of the latter. No American authority is cited in support of the rule, and the case of the *United States v. Hoffman, supra,* seems to hold a different doctrine, and I cannot see how the prohibition upon the judge can effect anything after the adjournment of the term at which the judgment was rendered, but as it is not necessary to the determination of this cause, we abstain from any further discussion of that question. It is not only not apparent upon the face of these proceedings that the circuit court had not, but we think that it had, jurisdiction of the matter in controversy. In this view of the case any opinion we might express upon the question in controversy in the mandamus proceeding, would be an *obiter dictum,* and, therefore, whether the three mile act was repealed by the Downing law, or not, we do not decide,

The writ of prohibition is denied.