JOHN BROOKS, PETITIONER, *v.* ELIHU WARREN
AND OTHERS, RESPONDENTS.

PROHIBITION.—WHEN GRANTED.—A writ of prohibition will not be granted when the thing sought to be prevented is already done.

ORIGINAL application for a writ of prohibition.   The opinion states the facts.

*Messrs. Sheeks & Rawlins,* for petitioner.

*Mr. James N. Kimball* and *Mr. A. R. Heywood,* for respondents.

BOREMAN, J.:

This is an original proceeding in this court.   It is an application for a writ of prohibition.   The plaintiff had instituted an action against the defendant, Warren, in a justice's court, for forcible entry, and the justice gave judgment for the plaintiff for restitution of the property, and the plaintiff was put in possession thereof.

The defendant, Warren, appealed the case to the district court, and, on trial in the district court, judgment was rendered for said defendant, Warren, and he was restored to the possession, the court refusing to stay proceedings, or to fix the amount of a stay-bond.   The plaintiff thereupon applied for the writ of prohibition against said

Warren and his attorneys, and the United States marshal. An alternative writ was issued, returnable to this term of this court; but it was not served until said Warren had been restored to the possession of the property. In the petition for the writ, it was stated that the injury sought to be prevented by its issuance was the placing of said Warren in possession, and this was all that was prayed to be prohibited.

The office of the writ of prohibition is to "arrest proceedings." It commands the person to whom it is addressed not to do some act which the petitioner says he is about to do. It is not a command to do some act, but a command not to do it. If the thing sought to be stopped is already done, there is' no office for the writ. The supreme court of the United States say: "If the thing be already done, it is manifest the writ of prohibition cannot undo it; for that would require an affirmative act, and the only effect of a writ of prohibition is to suspend all action, and to prevent any further proceedings in the prohibited direction." *U. S.* v. *Hoffman,* 4 Wall. 158. We see nothing that this court can do, in the present proceedings, towards replacing plaintiff in the position occupied by him at the time the judgment was rendered. The matter of costs in the district court, to which our attention has been called, is not in question, as that is not an injury sought to be prevented, and the writ is not prayed to arrest the collection of the costs; and, besides, the subject of costs is covered by the appeal-bond of $300, which was filed.

The application for the writ of prohibition is therefore denied. Judgment for costs for defendants.

ZANE, C. J., and HENDERSON, J., concurred.