[Civil No. 788.   Filed March 20, 1903.]

[71 Pac. 906.]

LOUISA J. SANFORD, Petitioner, v. THE DISTRICT COURT in and for Pima County, and the HON. GEORGE R. DAVIS, Judge of said Court, Respondents.

1. PROHIBITION—WHEN ISSUED—NOT TO CORRECT ERROR—TO PREVENT USURPATION OF JURISDICTION—APPEAL.—Prohibition will not issue to prevent the enforcement of a judgment of a district court in condemnation proceedings, the right of eminent domain existing, and the court having jurisdiction of the suit, because of an erroneous ruling upon the sufficiency of the complaint not affecting the question of jurisdiction, as the function of the writ is to prevent a usurpation of jurisdiction, and not to secure the correction of errors, which may be remedied by an appeal.

2. SAME—SAME—REMEDY—INEFFECTUAL—WILL NOT ISSUE.—A writ of prohibition will not issue where it appears that the court has already done the thing sought to be prevented, and the remedy would therefore be ineffectual.

ORIGINAL APPLICATION for a Writ of Prohibition. Denied.

Owen T. Rouse, and Durrelle F. Glidden, for Petitioner.

Dale & Campbell, and Webster Street, for Respondents.

"A writ of prohibition is never issued unless it clearly appears that the inferior court is about to exceed its jurisdiction." Smith v. Whitney, 116 U. S. 167, 6 Sup. Ct. 570, 29 L. Ed. 601; Crowned King Mining Co. v. District Court, 7 Ariz. 263, 64 Pac. 439; State v. Rombauer, 99 Mo. 221, 12 S. W. 661; Blade v. Superior Court Fresno County, 60 Cal. 290.

"Where there is another legal remedy, by appeal or otherwise, or where the question of the jurisdiction of the court is doubtful or depends on facts which are not made matter of record, the granting or refusal of the writ is discretionary. Nor is the writ obligatory where the case has gone to judgment and the want of jurisdiction does not appear on the face of the proceedings." Ex parte Cooper, 143 U. S. 472,

12 Sup. Ct. 453, 36 L. Ed. 232; *In re Rice,* 155 U. S. 396, 15 Sup. Ct. 149, 39 L. Ed. 198; *In re Alix,* 166 U. S. 136, 17 Sup. Ct. 522, 41 L. Ed. 948.

The writ of prohibition cannot be made to perform the office of a writ of error. *Ex parte Ferry Co.,* 104 U. S. 519, 26 L. Ed. 815, and cases cited *supra.*

A writ of prohibition is one which commands a person not to do a certain thing; it calls for no affirmative act, but merely suspends all action. If the thing is done a writ of prohibition cannot undo it. *United States* v. *Hoffman,* 4 Wall. 158, 18 L. Ed. 354.

SLOAN, J.—In this case Louisa J. Sanford has brought an original action in this court to obtain a writ of prohibition directed to the district court of Pima County and the judge thereof to prevent the enforcement of a judgment rendered by said court in a suit wherein the city of Tucson was plaintiff and the said Louisa J. Sanford one of the defendants, condemning property of the latter for street purposes. From this judgment an appeal was taken to this court, which has been heard and determined at this term. *Ante,* p. 247, 71 Pac. 903. The judgment was reversed upon the ground that the complaint omitted to contain the necessary allegation that the taking of the property sought to be condemned was necessary for the enjoyment of a public use.

It appears that when this action was brought the case had gone to judgment, and the city of Tucson had, under the order of the district court, taken possession of the property condemned. A writ of prohibition cannot be made to perform the functions of an appeal. Its object is to prevent a usurpation of jurisdiction, and not the correction of errors. Accordingly, it has been held that the writ will not issue in a case where the trial court was proceeding in an equitable proceeding in which the bill omitted to state necessary averments of fact. *Ex parte Greene,* 29 Ala. 52. We held, on the appeal, that the city of Tucson possesses the right of eminent domain under the territorial statutes, and may exercise that right for purposes of street improvement, and that the district court has jurisdiction of a suit brought for the enforcement of this right. The judgment was reversed because of an erroneous ruling, which did not affect the question

of the jurisdiction of the court over the subject-matter of the action.

Again, as said by the supreme court in *United States* v. *Hoffman,* 4 Wall. 158, 18 L. Ed. 354, "The writ of prohibition, as its name imports, is one which commands the person to whom it is directed not to do something which, by the suggestion of the relator, the court is informed he is about to do. If the thing be already done, it is manifest that the writ cannot undo it." As we have said, the court, at the time of the bringing of this action, had rendered its judgment, and had let the city into possession, and had, therefore, done all that it could do in the premises. The prevention of any further proceedings by the trial court would, therefore, afford plaintiff no relief.

For these reasons the peremptory writ is denied at the cost of plaintiff.

Kent, C. J., and Doan, J., concur.