HAWTHORNE, Justice.
 

 Frank Russo, Sr., is appealing from a judgment of the lower court awarding to Mrs. Hanna Ryan Russo, his divorced wife, alimony in the sum of $10 a month.
 

 This is the third time these parties have been before this court, and on the last occasion we held that, under the facts presented to us at that time, Mrs. Hanna Ryan Russo was not entitled to permanent ali- * mony. See 208 La. 17, 22 So.2d 671. At that time we found as a matter of fact that Mrs. Russo was receiving $20 a month from a son in the Armed Forces, approximately $50 a month from an unmarried daughter, and approximately $30 a month from a daughter-in-law; or that her average in
 
 *856
 
 come was $100 a month, out of which she was obliged to board and lodge her daughter and her daughter-in-law, both of whom lived with her, and maintain herself. We held that, under these facts, this income was sufficient when we considered the husband’s means in proportion to the wife’s needs.
 

 Appellant now contends that, as this court found there was no justification to award plaintiff any alimony in her previous suit, there is now even less justification under the evidence in the present case to award her any alimony whatsoever.
 

 When these litigants were last before us, this court pointed out that, under the provisions of Article 160 of the Revised Civil Code, if the wife who has obtained the divorce has not sufficient means for her maintenance, the court may allow her, in its discretion, out of the property and earnings of the husband alimony which shall not exceed one-third of his income, and that, pursuant to Act No. 56 of 1932, amending Act No. 25 of 1898, “ * * * whenever a • judgment of final divorce shall be obtained * * * by the husband against whom the judgment of separation from bed and board shall have been rendered [as happened here], the wife shall have the same rights for recovering alimony from the said husband as are now provided by law for cases in which the wife is plaintiff * *
 

 In that case we said [208 La. 17, 22 So.2d 673]:
 

 “* * * The same may be said with respect to the award of permanent alimony, although these awards, characterized as gratuities that are in the nature [of] pensions, may be adjusted at any time to meet the changing needs of the wife and the husband’s ability to pay, or revoked, entirely if they become unnecessary or the wife contracts a second marriage. Scott v. Scott, 197 La. 726, 2 So.2d 193; Wright v. Wright, 189 La. 539, 179 So. 866; Slagle v. Slagle, 205 La. 694, 17 So.2d 923; and Article 160 of the Revised Civil Code.”
 

 Since appellee has not contracted a second marriage, the sole question presented is whether or not the payment of alimony under the evidence here presented is necessary to meet the changing needs of the divorced wife since our previous decision denying-her alimony, always contingent upon the husband’s ability to pay.
 

 The evidence in this case discloses that appellee, Mrs. Hanna Ryan Russo, at this time is not receiving any income from any source, and that, since our decree denying her alimony, the payments of $20 a month from her son in the Armed Forces, of approximately $50 a month from her unmarried daughter, and of approximately $30 a month from her daughter-in-law have all been discontinued; that her daughter-in-law is no longer employed, and that her unmarried daughter is now paying the $50 a month to appellee’s son, who has returned from the Armed Forces and resumed control and management of the household, in which household appellee now resides, with her son, daughter-in-law, and , unmarried daughter, and that she is receiving’ room and board from this son.
 

 
 *858
 
 It is true that the husband, a plumber by-trade, is not in good health, and in this respect his condition has not changed for the better since our former decree and may even be worse. However, the record discloses that his average monthly income for the period of January through November, 1945, was $94.64, and there is no doubt that the trial judge in this case took all of these facts into consideration in awarding to the wife alimony in the sum of $10 a month only.
 

 The judge in the court below, after hearing all of the evidence, was of the opinion that appellee herein did not have sufficient means for her maintenance and in his discretion awarded her the amount of alimony hereinabove set out. We cannot say, after considering all of the testimony, that he erred in so doing.
 

 For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
 

 PONDER, J., absent.