TERRELL, Justice.
March 29, 1955, relator filed her suggestion for prohibition in this court in which she prayed that respondent be prohibited from trying her on a charge brought in the Criminal Court of Record, Hillsborough County, because of prejudice. This court issued a rule nisi directed to respondent commanding him to show cause why the suggestion should not be granted. All proceedings in the cause were stayed pending disposition of the rule nisi. April 11, 1955, respondent entered an order recusing himself and the following day this court entered an order vacating that part of the rule nisi staying proceedings in the cause. Respondent entered his return to the rule nisi April 19, 1955, wherein he admitted the allegations of the petition for prohibition and the entry of the order recusing himself.
The point for determination is whether or not the rule nisi should be made absolute, the respondent having entered the order recusing himself.
The rule is settled in this country that prohibition will be granted only in cases of great urgency, special emergency, or absolute necessity. It commands the one to whom it is directed not to do the thing which the court is informed he is about to do. Its only effect is to suspend action and prevent further proceedings by the court or anyone to whom it is directed. United States v. Hoffman, 4 Wall. 158, 18 L.Ed. 354; 73 C.J.S., Prohibition, § 9, p. 29.
In the order of April 12, 1955, vacating that part of the rule nisi staying further proceedings in the cause this court recognized the right of a respondent to recuse himself in this cause. In State ex rel. Rembrandt Corporation v. Thomas, 117 Fla. 127, 157 So. 337, 340, the power of a judge to recuse himself was adjudicated. In that case we held, inter alia, “it follows that where an order is made by a judge certify *680 ing to his own disqualification, it must be construed as an order entered by such disqualified judge in the exercise of a special and limited statutory jurisdiction vested in him for that purpose.”
Account of these authorities we conclude that the rule nisi has served its purpose. There is nothing else it could accomplish. Respondent had power to recuse himself and his order doing so was not only valid, but it took him out of the case and opened the way for substitution of anothef judge to try it. ■ The rule nisi -is therefore discharged.
It is’so ordered.
. DREW, C. J., and SEBRING and ROBERTS, JJ., concur.