MANN, Judge.
This interlocutory appeal presents the question whether, on transfer of custody of a teen-age son who now prefers to live with his father, the diminution of the wife’s revenues by the amount of the support money is such a change in circumstances as will support an increase in alimony to an amount less than the former combined total of alimony and support. The chancellor, who heard the parties and is in a better position to determine this question than we are, allowed an increase in alimony, taking into account increased earnings of the husband and controverted evidence about the wife’s physical condition and ability to seek gainful employment. He has a broad discretion under Florida Statutes § 61.14 (1967), F.S.A. and has not been shown to have abused it. Plainly the expenses of the wife are not diminished pro rata. See the annotation at 18 A.L.R.2d 10 at 90; Zalka v. Zalka, 100 So.2d 157 (Fla.1958); Katiba v. Katiba, 110 So.2d 693, 78 A.L.R.2d 1107 (Fla.App.1959); Russo v. Russo, 210 La. 853, 28 So.2d 455 (1946).
Appellant has not shown any prejudice resulting from the exclusion of spectators from the hearing.
The order appealed from awarded a fee to the wife’s attorneys. Appellee’s recollection is that there was an agreement. The trial court suggested submission of affidavits which, if uncontroverted, would furnish the basis of an award. There is no record of affidavits, any agreement or testimony supporting the award, so the order appealed from must be reversed on this point.
Affirmed in part and reversed in part.
LILES, C. J., and PIERCE, J., concur.