PER CURIAM.
Petitioner seeks a writ of prohibition restraining the respondent Circuit Judge from convening the trial of a criminal case wherein petitioner is charged with the felonious sale of marijuana.
The information was filed January 26, 1973. On April 9, 1973, petitioner filed his motion to dismiss the information charging him with selling marijuana.
The ground asserted for dismissal is that the State failed to provide the defense with the identity and location of a police undercover agent who participated in and was a witness to the sale. Citing State v. Jones, 247 So.2d 342 (Fla.App.1971), petitioner contends that the agent-informer is a material witness and the State’s failure to disclose requires dismissal.
Thus, asserting error in a preliminary stage of the criminal proceeding, petitioner now claims that as a result the trial court cannot proceed in bringing petitioner to trial and that a writ of prohibition will lie to restrain the exercise of jurisdiction or power by the respondent.
Petitioner misapprehends the office of an action in prohibition. The tenor of the petition is that an erroneous ruling— assuming but not deciding that the ruling complained of is erroneous — forms the basis for issuance of a writ of prohibition. However, no authority is cited in support of that thesis.
The cases are legion which hold that prohibition will not lie to test the correctness of a trial court ruling. It is an action which addresses itself to the lower court’s jurisdiction or power to act, not the correctness of its rulings. Our examination of Crandall Common Law Actions, Section 473, leads us to nothing indicating that prohibition is a proper device whereby an instanter appeal may be taken from an interlocutory order in a criminal case where such order does not reach the question of jurisdiction.
Denied.
SPECTOR, C. J., and RAWLS and JOHNSON, JJ., concur.