328 So.2d 257 (1976)
STATE of Florida ex rel. Carey ENGLISH, Relator,
v.
The Honorable Robert L. McCRARY, Jr., Circuit Judge, Respondent.
No. BB-200.
District Court of Appeal of Florida, First District.
March 4, 1976.
*258 C. Gary Williams of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for petitioner.
McCORD, Judge.
The relator, Carey English, has filed in this court a Suggestion for Writ of Prohibition against respondent, the Honorable Robert L. McCrary, Jr., Circuit Judge. The Suggestion alleges that relator is a reporter for the Tallahassee Democrat, a newspaper of general circulation in several north Florida counties. Relator alleges that respondent refused to permit him to attend a hearing in a case styled In Re: The Marriage of Estelle M. Morrison and Harry Morrison, Case No. 75-2582, in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. Relator further alleges that respondent has failed to give and refuses to give good and cogent reasons for the exclusion of the press from the hearing and in so doing has acted without and in excess of any inherent power of the court to protect rights of parties and witnesses or further the administration of justice; that the mere desire of the litigants, or the desire of the trial court at the suggestion of the litigants, to conduct a private hearing is not a sufficient predicate upon which the court may exclude the public and the press completely; that Harry Morrison is the State Attorney for the Second Judicial Circuit of the State of Florida and by virtue of his being an elected public official, the public has a real and genuine interest in any litigation involving such public official. Relator further alleges that respondent refused to entertain any legal arguments as to the right of the press to attend such hearing and by so doing respondent denied relator due process under the Fourteenth Amendment to the Constitution of the United States and Article I, Section 9, of the Constitution of the State of Florida; that such was in direct derogation of the fundamental right of the public and the press to access to all judicial proceedings.
We have considered the Suggestion for Writ and relator's brief in support of same on the initial question of whether or not the Suggestion states a prima facie case for issuance of a rule nisi in prohibition which if issued would stay the dissolution proceeding until this prohibition action can be heard and determined. We have concluded that the Suggestion does not *259 state a prima facie case for the issuance of the extraordinary Writ of Prohibition. The Supreme Court in State v. Petteway, 121 Fla. 822, 164 So. 872 (1935), pointed out the proper function of the extraordinary writ of prohibition as follows:
"The rule is settled in this state that prohibition may be employed to restrain an excess of jurisdiction as well as to prohibit the exercise of judicial power where none exists. It may also be used to confine a court within his power when he attempts to exercise jurisdiction beyond the legitimate scope of his powers."
If the action of the lower tribunal is an exercise of judicial power where none exists, or if the lower tribunal is attempting to exercise jurisdiction beyond the legitimate scope of his powers, the writ may be employed. Otherwise, prohibition will not lie. Thus, the initial question before us is whether or not respondent's refusal to allow the press to attend this marriage dissolution proceeding was an exercise of judicial power where none existed or was an exercise of jurisdiction beyond the legitimate scope of his powers.
The only authority cited by relator in its brief in support of its Suggestion for Writ is State ex rel. Gore Newspapers Company v. Tyson, Fla.App. (4th), 313 So.2d 777. This was an opinion by our sister court, the District Court of Appeal, Fourth District, which ruled that prohibition would lie at the behest of the press which was denied admittance by the chancellor to a dissolution of marriage proceeding in the case of Jackie Gleason v. Beverly Gleason. There, one member of the three judge panel dissented. We have carefully examined the opinion of the court in that case and the authorities cited therein and are unable to agree that prohibition will lie in such a case. In his dissenting opinion, Judge Walden referred to a ruling of this court in State ex rel. Pope v. Joanas, Fla.App. (1st), 278 So.2d 305 (1973), where this court stated as follows:
"The cases are legion which hold that prohibition will not lie to test the correctness of a trial court ruling. It is an action which addresses itself to the lower court's jurisdiction or power to act, not to the correctness of its rulings."
In effect and substance the majority opinion in State ex rel. Gore Newspapers Company held that the chancellor's ruling, which it considered to be erroneous, was somehow raised to the level of a lack of jurisdiction or power, thereby authorizing it to review such action by prohibition.
While the action of the chancellor in the case sub judice in denying the press admittance to the dissolution of marriage hearing may have been an abuse of the trial judge's discretion (though we do not here rule that it was or was not an abuse of discretion) the fundamental initial question is whether or not a chancellor has jurisdiction in a dissolution of marriage proceeding to exercise his discretion to determine whether or not the public and press will be permitted to attend the hearing. If in all instances it is required that such a hearing be open to the public, then the chancellor had no discretion. Otherwise, the chancellor would clearly have the power, authority, and jurisdiction to make the ruling in a particular case. Although the ruling which he makes on the subject might constitute an abuse of discretion in a particular case, the extraordinary Writ of Prohibition would not be available to determine whether or not he correctly exercised his discretion.
An examination of the Constitution of the United States and the Constitution of the State of Florida reveals that those documents only grant the right to public trial in a criminal case, Sixth Amendment to the Constitution of the United States and Article 1, Section 16, of the Constitution of Florida.
Dissolution of marriage is a proceeding in equity and as is pointed out in 27 Am.Jur.2d Equity § 235, the term "hearing" *260 is applied to the argument and consideration of an equity case at the several stages of its progress. There we find the following statement of the law:
"The hearing is commonly in open court, but the court in its discretion may, in the absence of a statute requiring causes to be heard publicly, order the case to be heard privately."
In Coggan v. Coggan, Fla.App. (2d), 214 So.2d 368 (1968), a divorce case, the Second District Court of Appeal held:
"Appellant has not shown any prejudice resulting from the exclusion of spectators from the hearing."
By the above ruling the Second District Court of Appeal necessarily held that the chancellor had jurisdiction and power to make his contested ruling.
We limit our ruling here specifically to the question of whether or not the remedy of prohibition will lie in this case. As so limited, we disagree with the majority opinion in State ex rel. Gore Newspapers Company. We, therefore, find that relator's Suggestion does not state a prima facie case for issuance of rule nisi in prohibition. We find no lack of due process in the chancellor denying relator a hearing prior to his ruling, relator not being a party to that proceeding. The Suggestion for Writ of Prohibition is denied.
RAWLS, Acting C.J., concurs.
SMITH, J., concurring specially.
SMITH, Judge, concurring specially:
I agree to the judgment of the court and with Judge McCord's opinion. I would add only that relator's suggestion for writ of prohibition, filed at 2:03 p.m. on March 2, 1976, requested that we issue that extraordinary writ to prohibit Judge McCrary "from proceeding or attempting to proceed any further ... without allowing the public and press to be present" at a hearing which was taking place when the suggestion was filed and continuing "throughout the afternoon of March 2, 1976." To have issued a rule nisi in response to the suggestion in order to give Mr. and Mrs. Morrison and others affected an opportunity to present their views on the matter, we would have effectively shut down a unique judicial proceeding which makes extraordinary demands for compassion and sensitivity on the judge, the parties and the lawyers. To have done that in order to evaluate at leisure the competing interests of the public in witnessing the painful dismemberment of a marriage would invert the purpose of the discretionary writ, which is to alleviate, not to create, "great urgency, special emergency or absolute necessity." State v. Grayson, 80 So.2d 679 (Fla. 1955); Chapman v. Rose, 295 So.2d 667, 669 (Fla.App.2d, 1974).