## CURTIS NATHANIEL VILAS v. MARGUERITE C. VILAS

13 So. (2nd) 807          January Term, 1943
June 4, 1943          Division B

*Williams & Dart,* for appellant.

*Harrison E. Barringer,* for appellee.

SEBRING, J.:

Marguerite C. Vilas obtained a divorce from her husband, Curtis Nathaniel Vilas. The parties having come to an agreement concerning alimony and a property settlement, the trial court incorporated the terms thereof into the final decree. In accordance with the terms of the settlement the wife was awarded $160 a month alimony. She was given possession of a home in Sarasota, Florida; for life or until remarriage, the husband being required to pay taxes and insurance on the property. The decree also obliged the husband to maintain three life insurance policies payable to the wife as beneficiary.

Approximately two years after the entry of the final decree Vilas filed his petition for a modification of the alimony award on the ground that because of great reduction in income he was unable to continue making payments of $160 a month. In due course the former wife answered traversing the material allegations of the petition. At the hearing Vilas testified at length concerning his financial condition from the time of the divorce suit to the date of the hearing on the petition. He produced income tax returns to support parts of his testimony. He was cross-examined by the adverse party. From the evidence given by him it could reasonably be believed that at the time of the entry of the final decree the petitioner had an income of $7500.00 a year, and that since the entry of the final decree his income had steadily diminished to such an extent that at the time of the hearing he was receiving an estimated income from all sources of only $4200 a year, with no reasonable prospects of increasing that income at any time in the near future.

At the conclusion of the hearing the chancellor entered an

order denying the prayer of the petition. This appeal is taken from the order of dismissal. The question is whether the trial court abused its judicial discretion in refusing to decrease the alimony award on the testimony given by the appellant.

The only witness at the hearing on the petition was the appellant. Mrs. Vilas offered no testimony in her own behalf, although she had full opportunity to do so. Neither did she call on the appellant to produce books or records of the business partnership of which he was a member and from which he derived his income; which she might well have done had she not been satisfied that the testimony given by the appellant honestly reflected the true status of his business affairs. It appears, therefore, that as the appellant's testimony stood uncontradicted and unimpeached it was at least prima facie proof of the allegations of the petition.

We recognize that the chancellor has a broad discretion in matters of this nature, and that ordinarily his rulings should not be disturbed. But where, as here, testimony is admitted without objection and is not contradicted or impeached in any respect, it should be treated as being received by consent and given all the probative force and effect that its ordinary and usual meaning will afford. Montgomery v. State, 55 Fla. 97, 45 So. 879. And when it consists of facts, as distinguished from opinions, and is not essentially illegal, inherently improbable or unreasonable, contrary to natural laws, opposed to common knowledge, or contradictory within itself, it should not be wholly disregarded or arbitrarily rejected, but should be accepted as proof of the issue for which it is tendered, even though given by an interested party. Brennen v. State, 94 Fla. 656, 114 So. 429. Apparently this rule was not observed.

As the matter stood at the conclusion of the original divorce suit, the final decree charged the appellant with the payment of approximately one-third of his income for the benefit of the wife—$1920 a year for alimony, $115 for taxes and insurance, and $473.60 for life insurance premiums. If he must continue to abide by the provisions of the final decree, approximately 60% of his present income will now be

taken for that purpose. This is too much. Such a requirement would be excessive and virtually punitive in its nature. See 27 C.J.S. Sec. 236, p. 972 et seq. and cases cited for awards held proper and improper.

We hold, therefore, that the order appealed from should be reversed and the cause remanded for an order based upon the principles herein announced, as applied to the evidence already submitted; but with directions to the chancellor to permit the parties, if either so desire, to submit further evidence on the issues made by the pleadings, and to make such order on the evidence then submitted as shall be consonant with equity and justice.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.