Isabella S. Jones, Appellee, v. J. D. Jones, Appellant.

Gen. No. 44,515.

Opinion filed December 13, 1948.   Released for publication December 27, 1948.

JOSEPH E. CLAYTON, JR. and TEMPLE & WIMBISH, all of Chicago, for appellant; GEORGE N. LEIGHTON, of Chicago, of counsel.

PRESCOTT, BURROUGHS & TAYLOR and GOLDBERG & LEVIN, all of Chicago, for appellee; EUCLID LOUIS TAYLOR and MAYER GOLDBERG, both of Chicago, of counsel.

MR. PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Defendant, in this action for divorce, was committed for contempt of court for wilfully refusing to comply with the terms of the decree entered in said cause. From the order of commitment defendant appeals.

A decree of divorce was entered in favor of plaintiff, in which it is recited that the parties have settled and adjudged all their property rights and support and maintenance, past, present and future; that plaintiff agreed to accept, and defendant has agreed to deliver, articles of furniture and furnishings itemized in the de-

cree; that in addition, it was agreed by the parties that in the event any such article or item shall not be delivered to plaintiff, defendant shall pay the fair cash value of any such item as of the date of the entry of the decree; that the parties also agreed that defendant pay to plaintiff in full settlement of all alimony, past, present and future, and attorneys' fees to date, the sum of $2,550, of which defendant was to pay plaintiff $2,150 and the attorneys for plaintiff $400; that upon the entry of the decree defendant shall pay on account of said total sum to be paid $500, and the balance $50 each month thereafter until the entire balance is paid in full; that the parties agreed defendant shall, immediately upon the entry of the decree, vacate the premises occupied by defendant and deliver possession of said premises to plaintiff. The decree recites that said agreement was voluntarily entered into and was fair and equitable. The decree approves and adopts said agreement and makes it a part thereof.

Thereafter, plaintiff filed her sworn petition for a rule to show cause against defendant for alleged failure to comply with the decree requiring him to deliver the articles of household furniture and furnishings, or the value thereof; for failure to vacate the premises and turn over possession to plaintiff; and for default in payment of $200 in alimony and $400 as solicitors' fees. What articles of furniture and furnishings defendant failed to deliver are not set up in the petition, nor is the value alleged. Notice having been given, a rule was entered to show cause.

The order for the rule to show cause recited that "it appearing to the court from said verified petition that there is now due and payable from the defendant . . . to said petitioner, certain articles of household furniture and furnishings, or the value thereof; possession of the premises commonly known as 254 East 92nd Street, Chicago, Cook County, Illinois; the sum

of two hundred dollars ($200.00) as and for alimony; and . . . the sum of four hundred dollars ($400.00) as and for plaintiff's attorneys' fees, under the terms of a decretal order of this court, and it further appearing that the said defendant has wilfully neglected and refused to pay and deliver the same . . . , it is ordered that the said defendant . . . appear . . . and show cause . . . why he should not be punished for contempt . . . ''

Upon a hearing of said rule the instant order of commitment was entered, which found that there was, at the time of the entry of said rule to show cause, due and unpaid under the decree the sum of $1,200; that no sufficient cause was shown why it should not have been paid, or that defendant was unable to pay the same, and that although well able so to do, he has wilfully and in contempt of court, failed and refused and still refuses to pay the said sum of $1,200, ''and further comply with the decree heretofore entered on November 21, 1947,'' and a copy of said decree is attached thereto and made a part thereof. The ordering part of the decree reads:

''It Is Therefore Ordered, Adjudged and Decreed that the respondent, J. D. Jones, is guilty of wilful contempt of this Court, for his wilful failure to pay to the petitioner the sum of Twelve Hundred Dollars; due and unpaid as aforesaid from him to the petitioner, Isabella S. Jones; and further provisions of said decree.

''It Is Further Ordered that the Clerk of the Superior Court of Cook County, Illinois, issue a mittimus directing that the respondent, J. D. Jones, be taken into custody by the Sheriff, and that he be, and he is hereby committed to the Common Jail of Cook County, Illinois, for a period not to exceed six (6) months from this date, unless he shall sooner purge himself of his

said contempt whereof he is hereby committed, by paying to the petitioner, Isabella S. Jones, or to the Sheriff of Cook County, Illinois, for her use the sum of Twelve Hundred Dollars, or unless he shall sooner be discharged by due process of law, and comply with the further provisions of said decree.''

Several points have been raised by defendant in his attack upon this order of commitment, and we deem it necessary to consider only the question raised,—the invalidity of this order because it is vague and uncertain. As we construe this order, the finding that he is guilty of contempt is based not only upon the failure to pay the $1,200 due under the decree, but also his wilful failure to ''further comply with the decree heretofore entered on November 21, 1947.'' It cannot be determined from this order how much was for alimony, for solicitors' fees, or for the value of the articles of furniture and furnishings not delivered to plaintiff. Neither the findings nor the ordering part indicate how the sum of $1,200 was arrived at. The ordering part of the decree adjudges him guilty of contempt for his failure to pay the said sum and the further provisions of said decree. The commitment in the order is for six months from its date, unless he shall sooner purge himself of his said contempt whereof he is committed, by paying to plaintiff or the sheriff the sum of $1,200, or unless he shall sooner be discharged by due process of law, *and* comply with the further provisions of said decree. Thus, he stands adjudged guilty and committed, not only for the failure to pay $1,200, but for failure to comply with the other provisions of said decree. We have already pointed out the other provisions of the decree requiring compliance by defendant, and we cannot know from this order whether he has failed to turn over one or more items of furniture specified in the decree, or whether he has failed to turn over the possession of the premises as required by the decree, or whether his failure is as to both. Such an

order as this is too vague and uncertain and renders it invalid.

In *People v. Bain,* 268 Ill. App. 192, at p. 195, it was said:

"The order must set forth the facts so fully and certainly as to show that the contempt was actually committed."

*People v. Salbar,* 282 Ill. App. 506.

In *People v. Pirfenbrink,* 96 Ill. 68, it was held that where the order and mittimus are too uncertain to be sustained, they are void. In *People v. Roche,* 389 Ill. 361, it was held:

"All judgments must be specific and certain and must determine the rights recovered or the penalties imposed. They must be such as the defendant can readily understand and be capable of performing."

*People v. Montana,* 380 Ill. 596.

For the reasons indicated the order appealed from is reversed.

*Reversed.*

TUOHY, J., concurs.

NIEMEYER, J., dissents. I agree that the recitals in the judgment order relating to "further provisions of said decree" are uncertain and indefinite, but do not agree that the order should for that reason be reversed. Stripped of all references to "further provisions of said decree" the order clearly and specifically adjudges the defendant guilty of contempt for his wilful refusal to pay $1,200 to plaintiff and commits him to the county jail for a period not to exceed six months, unless he shall sooner purge himself of the contempt by paying the $1,200 to plaintiff, or unless he shall sooner be discharged by due process of law. The judgment order, so modified, is valid. This is a civil contempt and the imprisonment imposed is not punitive but coercive. *Wilson v. Prochnow,* 359 Ill. 148, 151.

The directory provisions of the decree to pay alimony and solicitor's fees, deliver furniture and surrender possession of the flat are distinct and severable and the court was authorized to coerce compliance with each provision by imprisonment. The failure of the court, therefore, to properly adjudge by apt language the defendant to be in contempt of court for wilful refusal to obey provisions of the decree, other than those relating to the payment of money, does not destroy the valid provisions adjudging defendant guilty of contempt for wilful refusal to pay money. *People v. Whipp,* 352 Ill. 525.

The decree should be modified by eliminating therefrom all references to "further provisions of said decree," and affirmed as modified. *People v. Zimmer,* 238 Ill. 607; *Shields v. People,* 132 Ill. App. 109, 138–140; *State ex rel. Hinckley v. Sixth Judicial District Court in and for Humboldt County,* 53 Nev. 343, 1 P. (2d) 105; *State ex rel. Hurd v. Willis,* 61 Minn. 120.