WIGGINTON, Acting Chief Judge.
The appellant husband has appealed from an order dismissing with prejudice his petition for modification of a final decree of divorce. By his petition appellant sought an order apportioning as between the wife and minor children a lump sum award for alimony and support. It was the chancellor’s refusal to modify the final decree in such way as to make such apportionment that is assigned as error.
The parties to this appeal were divorced by final decree dated July 31, 1941. By the terms of the decree the wife was granted a divorce and awarded the custody of two minor children born of the marriage. The husband was ordered to pay the sum of $100 a month as alimony and as support of the children. The daughter married after arriving at her majority in 1951, and the son died on December 4, 1957. The husband continued thereafter to pay to the wife the full $100 a month allowance for alimony and support of the children. While current with these payments the husband filed his petition on April 19, 1958, alleging the foregoing facts and praying for an order modifying the final decree by apportioning the lump sum award between the wife for alimony and the children for support. It *694 was prayed that upon such determination the husband be relieved of future payments in such amount as may be allocated for the support of the children, since the necessity for such support no longer exists. The petition also prayed that inquiry be made as to the present needs of the wife and petitioner be relieved from making further payments to her as alimony. At the conclusion of the trial the chancellor stated:
“I have listened to this and my understanding of the law is, of course, that to justify the modification of a final decree for alimony, there must be some substantial change in the status of the parties. There is no substantial change for the worse on the part of either of these parties, the petitioner or the respondent. No doubt, there has been and testimony indicates there has been some substantial change for the better for both parties since 1941 and I expect one sort of offsets and equalizes the other * * * In the absence of any showing whatever of the petitioner’s inability to pay that amount and further, if the respondent or the plaintiff in the original proceeding, became disabled and had to give up her employment she would have from her savings, stocks and rentals of income of $97.50 gross, which would be wholly inadequate for her to maintain a home for herself.”
It was upon the foregoing findings that the chancellor entered his order denying and dismissing with prejudice the petition for modification of the final decree.
 It is so well settled in this jurisdiction as to require no citations of authority that a petition to modify an award of alimony made in a final decree of divorce will not be granted except upon a showing of a change in circumstances of the parties. The chancellor was eminently correct in denying the prayer of the petition by which the husband sought an order relieving him from making further payments of alimony to his wife. On this appeal the husband makes no complaint that the last mentioned prayer of his petition was denied. The error which he urges is the action of the chancellor in refusing to apportion the lump sum award made in the final decree between the amount reasonably required for alimony on behalf of the wife, and the amount reasonably required for the support of the children.
In the Sheppard case[1] our Supreme Court reviewed a final decree of divorce in which the sum of $40 a week was awarded as alimony to the wife and as support and maintenance for a minor child. It was held that the lump sum award so made by the final decree should have been apportioned by the chancellor so as to show the amount awarded as alimony, and the amount awarded as support and maintenance of the child. The cause was reversed with directions that the decree be modified in accordance with that ruling.
In the Bezanilla case[2] our Supreme Court reviewed a final decree of divorce in which the husband was required to convey to his wife an apartment house having a net income of approximately $300 a month. Such conveyance was decreed to be a lump sum settlement of alimony for the wife, burdened with the charge that out of the income she should furnish support for the three minor children of the marriage whose custody was awarded to her. It does not appear from the opinion that any contention was made by either of the parties with respect to the failure of the chancellor to allocate the income to be derived from the apartment building between alimony for the wife and support for the children. The court however opined that the chancellor could have with propriety allocated a specific portion of the income for the wife’s alimony, and the remaining portion for the children’s support. *695 It held that both the plaintiff and defendant were entitled to have this done, and that allocation may be made upon the application of either party. We treat the foregoing observation of the court as dictum, but it lends color to support for appellant’s position.
The latest decision of our Supreme Court on this subject, and the one which we deem to be controlling on the issue here involved, is the Zalka case.[3] The court there reviewed a declaratory decree in which it was held that a husband was required to continue paying his wife the sum of $50.00 a week awarded her in a final decree of divorce as alimony and maintenance for their children, despite the fact that since the decree of divorce the children had reached their majority and the necessity for their support no longer existed. In its decision the Court held that an undivided award for alimony and child support although not void, entitles either party to apply at any time for an allocation of a specific amount for alimony and for child support. In reversing the declaratory decree the Court stated that it found no justification for concluding as a matter of law that the wife was entitled to receive as alimony the whole amount of an undivided award made by the divorce decree for alimony and child support, and that portion of the decree was accordingly reversed and the cause remanded for further proceedings consistent with the opinion.
In the case now before us it seems apparent that the chancellor considered the purpose of the petition for modification to be one seeking only a reduction in the payment of alimony. He failed to give proper consideration to the prayer of the petition which sought an apportionment of the lump sum award between alimony for the wife and support for the children. We are of the opinion that this failure constituted a departure from the essential requirements of law and was therefore erroneous.
It is not intended that this opinion be construed to prevent the chancellor, upon proper pleadings and proof, from modifying the provisions of the final decree fixing the amount of alimony to be paid the former wife should a change in the circumstances of the parties so warrant.
The order appealed from is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
CARROLL, DONALD, J., and MOODY, JAMES S., Associate Judge, concur.

. Sheppard v. Sheppard, Fla.1950, 45 So. 2d 505.

. Bezanilla v. Bezanilla, Fla.1953, 65 So.2d 754.

. Zalka v. Zalka, Fla.1958, 100 So.2d 157.