MURPHREE, JOHN A., Associate Judge.
Appellant petitioned the Circuit Court to reduce his alimony payments on the basis of a reduction in income since the final decree of divorce. Appellee filed a counter petition asking for more alimony due to her increased needs since the divorce, or in the alternative, that alimony in a lump sum be awarded to her. The chancellor denied the petition for reduction of alimony but granted the counter petition for lump sum alimony awarding to appellee a $9,500.-00 interest in a $14,250.00 mortgage owned by the appellant.
The appellant contends that the chancellor on the evidence before him should have reduced his alimony payments, and next, that having failed to award alimony in a lump sum by the final decree, the Court was without authority to do so later in supplemental proceedings.
 Modification of a decree for alimony is a matter in which the chancellor has broad discretion and ordinarily his ruling will not be disturbed. Vilas v. Vilas, 153 Fla. 102, 13 So.2d 807; Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902. We find no abuse of discretion by the chancellor in denying the husband’s petition for reduction of alimony.
The matter of the Court’s power to award lump sum alimony in proceedings supplemental to the final decree, which provided for alimony in periodic payments, presents a question of first impression in Florida. We hold that the chancellor, by so doing, acted within the bounds of his authority.
*879 F.S. § 65.08, F.S.A. authorizes the Court to order payment of alimony in periodic payments or by payment in a lump sum “as from the circumstances of the parties and the nature of the case may be fit, equitable and just”. And F.S. § 65.15, F.S.A. provides for the future modification of a decree for alimony as “justice and equity shall require, with due regard to the changed circumstances and the financial ability of the husband * *
In Keezer on Marriage and Divorce, Third Edition, Section 655, on page 714, it is said:
“After a decree for alimony or other allowance for the wife and children * * * the Court may from time to time, on the petition of either party, revise and alter such decree, and may make any decree which it might have made in the original suit.”
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.