PEARSON, TILLMAN, Chief Judge.
This is an interlocutory appeal from a post-decretal order of the circuit court which denied the former husband’s motion to reduce support and alimony payments, held the husband in contempt of court for failure to make past payments in full, ordered him to continue paying $100 per week as alimony and child support, and ordered the husband to pay attorneys’ fees and court costs. The former husband is the appellant and the former wife is the appellee. Error is assigned on each portion of the order.
This is the second appearance of these parties before this court. See Hilson v. Hilson, Fla.App.1961, 127 So.2d 126. After the cause was returned to the trial court, the appellant filed a second petition for reduction of alimony and child support payments. The appellee filed a petition for rule to show cause why the appellant should not be held in contempt for failure to make payments. The rule was regularly entered and served. Two hearings were had and the order appealed was entered.
The finding of the chancellor that, appellant was not entitled to a further reduction in the amount of the payment for alimony and support is affirmed. Such findings are peculiarly within the province of the chancellor and will not be disturbed upon appeal unless an abuse of discretion clearly appears. See Vilas v. Vilas, 153 Fla. 102, 13 So.2d 807. Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902. Moore v. Moore, Fla.App.1959, 113 So.2d 878.
That portion of the chancellor’s order holding appellant in contempt reads as follows:
“2. That the Defendant, OTTIS TAL HILSON be, and he is hereby held in contempt of this Honorable Court for failure to make support payments and alimony payments to the Plaintiff, and the Court finds that the Defendant is at present in arrears in the sum of $3,748.00 and Defendant shall have ninty days in which to make a substantial payment on the arrearage, or to appear before this Court without further notice, for sentencing for contempt of this Court.”
We hold that the chancellor was in error in so ordering and reverse this *559 portion of the order. The Supreme Court of Florida has stated that “The law is well settled in this State that an order in contempt must be definite and certain * * * [and] so full and complete that no further direction should be required by the executive officer to fully execute the same and also release the contemnor when the order is satisfied.” Ex parte Koons, 148 Fla. 625, 4 So.2d 852. This court has held a contempt order defective which failed to specify the amounts to be paid thereunder in that there was no showing of the sums which thus could be paid by the contemnor to purge himself and become entitled to be released from confinement. Ginsberg v. Ginsberg, Fla.App.1960, 122 So.2d 30. Other jurisdictions support the proposition that in a matrimonial proceeding the order adjudging one in contempt for failure to comply with the provisions of any order or judgment must fully apprise a contemnor as to what amount will satisfy the order and, if paid, purge the order. Knaus v. Knaus, 387 Pa. 370, 127 A.2d 669, 674 (1956). Kerkos v. Kerkos, 16 N.J.Super. 101, 84 A.2d 24 (Super.Ct.N.J.1951). See Jones v. Jones, 336 Ill.App. 56, 82 N.E.2d 823 (1948). It is to be noted that the order in the instant case, while finding defendant-appellant in contempt, allowed him 90 days to purge himself by making “substantial payment.” For the reasons above, the order appealed must be reversed in part for lack of specificity in the use of the phrase “substantial payment.”
In passing, it is to be noted that a New York court has held an order adjudging a party in contempt but deferring punishment therefor was defective in that it did not contain a definite provision for immediate punishment, the court having no authority to defer the determination of what punishment should be inflicted dependent upon future conduct. Zirn v. Bradley, 263 App.Div. 724, 30 N.Y.S.2d 688 (1941). This court is inclined to accept this approach since we do not favor a decree which holds a man in contempt but postpones punishment upon the happening of a contingency without providing for an additional hearing.
The appellant has strongly urged that he is entitled to an apportionment of the weekly payment between alimony and support. There is no doubt that upon a proper request to the chancellor he is so entitled. Zalka v. Zalka, Fla.1958, 100 So.2d 157, 159. The record does not reveal such a request to the chancellor. Nevertheless, the parties have agreed here that the payment of $100 a week should be divided so that sixty per cent is apportioned to alimony and forty per cent to child support. In the interest of expediting the cause, it is directed that the final decree of divorce be modified to reflect this agreement.
We find no error upon the allowance of attorneys’ fees and costs.
Accordingly, the post-decretal order is affirmed in part and reversed in part and the cause remanded for the entry of an order not inconsistent with this opinion.
Affirmed in part, reversed in part and remanded.