WIGGINTON, Judge.
Plaintiff wife has appealed from a final decree awarding her a divorce from her defendant husband and granting her the care, custody and control of their seventeen year old adopted son.
The first two points on appeal relate to that provision of the decree awarding alimony for the wife and support money for the child, which provision is as follows:
“The Defendant be, and he is hereby required to pay to the Clerk of the Circuit Court of Gulf County, Florida, for the use and benefit of Plaintiff for support and maintenance of herself and the minor child, Lloyd Evans Beasley, the sum of $200.00, plus 25‡ service cost, on or before January 1, 1963, and a like sum on or before the first day of each month thereafter, provided however, in the event the said minor child, Lloyd Evans Beasley, fails or refuses to attend the public schools, the amount above awarded shall be reduced in the sum of $50.00 per month. When said child becomes self supporting or reaches his majority, the amount awarded shall be reduced in the sum of $50.00 per month.”
Appellant contends that the chancellor erred in failing to separately allocate in the decree the amount awarded for alimony to the wife and the amount awarded for the support and maintenance of the child.
In the opinion rendered by this court in the case of Katiba v. Katiba[1] we followed the rule' previously announced by the Supreme Court in the Sheppard,[2] Bezanilla[3] and Zalka[4] cases, in which it is held that undivided award for alimony and child support although not void, entitles either party to apply at any time for an allocation of a separate amount for alimony and for child support. This rule was again an *876 nounced and followed by this court in the case of Hardy v. Hardy.[5]
An examination of the record in this case reveals that the complaint contains no prayer for a separate allocation of such amount as may be awarded by the court for alimony and child support. After rendition of the decree appealed no petition for rehearing was filed requesting the court to break down the lump sum awarded and make separate allocations of the amount granted for alimony and child support. Thus it appears that this question has been raised for the first time on appeal, and we are asked to hold the chancellor in error on a matter which has never yet been presented to him for decision.
Appellant also contends the chancellor erred in the above quoted portion of the decree by providing that in the event the minor child fails or refuses to attend public school the amount awarded shall be reduced by the sum of $50.00.
The record establishes that at the time the decree was entered the minor child was attending the public school of the county in which he resides. It seems apparent that the chancellor was of the view that the questioned provision of the decree was necessary as an inducement for the minor to remain in school and to complete his education. Appellant speculates that the contingency may arise wherein it will become advisable for the child to resign from the public school system of the county and enter a trade or vocational school; or that he might graduate from high school and enter college prior to his majority; or he may suffer an illness which will prevent him from going to school; or he may even be expelled from school and not permitted to continue as a pupil in the public school system of the county. Appellant argues that if and when any of such contingencies arise the father should be required to pay the amount necessary to maintain the child until such time as he becomes self-supporting or reaches his majority.
 The principle of law is well settled in this state that the trial court is vested with jurisdiction, upon a proper showing, to modify at any time an order or decree touching the custody, maintenance and support of minor children within its jurisdiction. If any of the contingencies which appellant apprehends do in fact develop, appellant is privileged to apply to the trial court for an order modifying the provision complained about. Upon a proper petition filed for this purpose the trial court is authorized to enter such other and further orders or decrees as the best interest of the child may require, and as under the circumstances may appear to be fair and just.
The decree appealed is affirmed without prejudice to the right of appellant to seek an order making a separate allocation of the lump sum amount which has been awarded for alimony and for the support and maintenance of the minor child involved in this case if she is so advised.
Affirmed.
STURGIS, Acting Chief Judge, and RAWLS, J., concur.

. Katiba v. Katiba, (Fla.App.1959) 110 So.2d 693, 78 A.L.R.2d 1107.

. Sheppard v. Sheppard, (Fla.1950) 45 So. 2d 505.

. Bezanilla v. Bezanilla, (Fla.1953) 65 So.2d 754.

. Zalka v. Zalka, (Fla.1958) 100 So.2d 157.

. Hardy v. Hardy, (Fla.App.1960) 118 So. 2d 106.