155 So.2d 849 (1963)
Sarah SIMON, Appellant,
v.
Victor SIMON, Appellee.
No. 62-779.
District Court of Appeal of Florida. Third District.
August 27, 1963.
Loring P. Evans, Jr., and Dan G. Wheeler, Jr., Miami, for appellant.
Monroe Gelb, Miami, for appellee.
Before CARROLL, PEARSON, TILLMAN and HENDRY, JJ.
PER CURIAM.
Appellant-wife appeals an order modifying the alimony provision of a divorce decree. The principal point urged on appeal is that the trial court should have dismissed or denied the husband's petition under the clean hands doctrine. A petition to modify an award of alimony made in a final decree of divorce will not be granted except upon a showing of a change in circumstances. Katiba v. Katiba, Fla.App. 1959, 110 So.2d 693, 78 A.L.R.2d 1107. Conversely, it may not be denied if the change is clearly shown. See Vilas v. Vilas, 153 Fla. 102, 13 So.2d 807. Under these circumstances the clean hands doctrine has a limited application, and the refusal of the chancellor to apply it to the appellee in this case cannot be said to be error. Compare Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902.
Appellant's second point is directed to the weight of the evidence and must be denied upon authority of the rule stated in Moore v. Moore, Fla.App. 1959, 113 So.2d 878.
The third point presented charges error because the chancellor made his modification *850 effective on a date subsequent to the filing of the petition for modification, but prior to the date of the final hearing. The effective date of an order modifying the support or alimony provisions of a final decree of divorce is discretionary with the chancellor and will not be disturbed if based upon equity and good conscience. See McArthur v. McArthur, Fla. 1958, 106 So.2d 73.
Affirmed.