200 So.2d 263 (1967)
Marion M. NIXON, Appellant,
v.
Donald H. NIXON, Appellee.
No. 66-656.
District Court of Appeal of Florida. Third District.
June 13, 1967.
Rehearing Denied July 10, 1967.
William John Mason, Miami, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and James A. Dixon, Jr., Miami, for appellee.
Before HENDRY, C.J., and CHARLES CARROLL and SWANN, JJ.
*264 HENDRY, Chief Judge.
Appellant-wife petitioned the lower court for modification of a final decree of divorce. The court denied the petition for increase in alimony payments, but granted an increase in child support payments.
The wife obtained a divorce from the appellee-husband in 1959. The final decree of divorce provided for alimony in the sum of $250.00 per month and an additional $150.00 per month for the support of their one child, then five years old. At the time of the divorce, the husband, a doctor, was earning approximately $19,000.00 per year. In 1961, the husband returned to medical school for two years of study in psychiatry. During the period the husband was attending school, his income dropped below $10,000.00 per year and he successfully petitioned the court to reduce child support payments to $125.00 per month, and alimony payments to $200.00 per month. In 1964, child support payments were increased to $145.00 per month.
The husband has remarried and his family consists of his wife, his child born of this marriage and two step-children. His present earnings are approximately $26,000.00 per year. In 1963 the husband inherited $35,000.00 which was paid over to his second wife to repay her for money from her own estate that was spent to support their family during his two years of training for his medical specialty.
The appellant-wife alleged monthly expenses totalling $546.00. She is currently unemployed. In 1964, she earned $60.00 per week for a part-time job as a promotion coordinator at the Dadeland Shopping Center. She entered Miami-Dade Junior College and, at the time of the hearing below, expected to graduate in May, 1966. She then planned to further her education by attending the University of Miami in an attempt to obtain a bachelor of arts degree.
The chancellor below after hearing and considering the evidence ordered an increase in child support payments to the monthly sum of $200.00. The petition for increase in alimony payments was denied. The appellant-wife contends that the chancellor erred in refusing to increase alimony payments and in only increasing child support payments by $55.00 monthly.
The chancellor has broad discretion in matters of this nature and ordinarily his rulings will not be disturbed.[1]
The amounts awarded for alimony and child support at the time of the divorce decree were amounts agreed upon by the parties in a property settlement. At that time, the husband's annual income was approximately $19,000.00. Because of the husband's attendance at school and related decrease in income causing financial incapacity to pay the amount agreed upon, the alimony payments were decreased. At the time of the hearing below, the husband's annual income had increased to $26,000.00.
"Where the amount of alimony decreed is based upon an agreement freely entered into between the parties, a heavier burden rests upon the husband to justify a modification.[2]" The husband previously justified a reduction of the amount of alimony decreed by showing that he was, in good faith, returning to school to increase his future earning capacity. Thus, it was not unreasonable to require the wife to accept a lesser sum, temporarily, during this period.[3] However, now that this period is terminated and there is no other justification for maintaining the decrease, it would be unreasonable not to return the alimony payments to that originally agreed upon by the parties. We must, therefore, conclude that the chancellor abused his discretion in denying the petition for an increase in alimony payments.
*265 No error has been shown in the chancellor's order increasing child support payments to the monthly sum of $200.00.
Accordingly, that portion of the order appealed denying the petition for increase in alimony payments is reversed and the husband shall pay to the wife the monthly sum of $250.00; the remainder of the order is affirmed.
Affirmed in part, reversed in part.
NOTES
[1] Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902 (1944); Vilas v. Vilas, 153 Fla. 102, 13 So.2d 807 (1943); Anderson v. Anderson, Fla.App. 1965, 180 So.2d 360.
[2] Fowler v. Fowler, Fla.App. 1959, 112 So.2d 411, 414.
[3] Fort v. Fort, Fla. 1956, 90 So.2d 313.