209 So.2d 281 (1968)
Misao CHORD, Appellant,
v.
Robert CHORD, Appellee.
No. 68-29.
District Court of Appeal of Florida. Third District.
April 23, 1968.
*282 Jepeway & Gassen, Miami, for appellant.
Anthony F. Barone, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
PER CURIAM.
We are presented with an interlocutory appeal from an order denying appellant's petition for modification of the alimony and child support provisions of a divorce decree. The appellant is the former wife of the defendant. They were divorced in March of 1963 and appellant was awarded alimony of $250 per month, $50 per month for each of two children or a total of $350 per month in alimony and support.
The appellee has not filed a brief on this appeal, nor has he supplemented the record presented. The record consists of excerpts from the final decree, the petition for modification, the order appealed and excerpts from the transcript of the testimony taken at the hearing, together with exhibits. Upon this record it affirmatively appears that there has been a change in the circumstances of the appellant and of the appellee. Appellee's salary has substantially increased and appellant's needs and expenses have increased. In addition it is clear that appellee's increase in earning capacity is not temporary, inasmuch as it consists of salary as a pilot with an established airline. The increase in the needs of the appellant for child support is apparent, not only in increased costs testified to, but in the increased needs of the minor children. The children were two and five years old at the time of the final decree and were seven and ten years of age at the time of the hearing.
A petition to modify an award of alimony made in a final decree of divorce will not be granted except upon a showing in change of circumstances. Conversely, it may not be denied when the change is clearly shown. See Villas v. Villas, 1943, 153 Fla. 102, 13 So.2d 807; Simon v. Simon, Fla.App. 1963, 155 So.2d 849. Cf. Terry v. Terry, Fla.App. 1961, 126 So.2d 890; Harrell v. Harrell, Fla.App. 1965, 171 So.2d 214.
Having reached the conclusion that error has been demonstrated, we refrain from discussing the amounts of the award but reverse the order with directions to the trial judge to enter an order increasing the alimony and child support in such an amount as in his sound discretion, justice and equity require. Cf. Howard v. Howard, Fla.App. 1960, 118 So.2d 90.
Reversed and remanded.