MANN, Judge.
The parties were divorced in 1963. The Chancellor awarded appellant wife an allowance for the support of the children and $50.00 per week alimony for eight weeks and $25.00 per week thereafter. In 1967 appellee filed a petition for modification of the final decree, asserting “circumstances have drastically changed.’’ The parties have been represented by a succession of attorneys over the years and it is understandable that the learned chancellor who granted the petition for modification by eliminating alimony entirely had forgotten, but the record shows, his contemplation at the time of the final decree that the wife would soon thereafter seek employment. The chancellor’s order of September 1, 1967, recites that appellant “is employed earning an average of at least $60.00 per week take-home pay.” The record does not permit us to determine the exact amount of her income or whether it exceeds that contemplated at the time of entry of the final decree. The appellee’s acquisition of a new family is immaterial, Schiff v. Schiff, 54 So.2d 36 (Fla.1951). He has shown no inability to make the payments, Tewksbury v. Tewksbury, 178 So.2d 346 (2d D.C.A. Fla.1965), Chastain v. Chastain, 73 So.2d 66 (Fla.1954). The husband’s income has not diminished. It has, in fact, increased.
Reversed and remanded for further proceedings not inconsistent with this opinion.
LILES, C. J., and PIERCE, J., concur.