CROSS, Judge
(dissenting):
I respectfully dissent.
This is an appeal by appellant-defendant, Gerald Raymond Sadlowski, from an order in favor of appellee-plaintiff, Sonia Jeanne Sadlowski, denying defendant’s motion to modify a final judgment of divorce by reducing child support payments.
Final judgment of divorce was entered on April 8, 1969. The judgment, inter alia, awarded custody of the minor children of the parties to plaintiff, and ordered defendant to pay $75 a week for child support. At the time of the divorce, plaintiff was employed as a carpenter, taking home at least $180 a week.
Defendant fell into arrears on his child support obligations, and plaintiff filed a motion praying that defendant be held in contempt of court and seeking modification of the divorce judgment to require defendant to pay the medical and dental bills of the children. Defendant likewise filed a motion to modify the judgment, alleging that his income had substantially decreased and that his support obligations should be reduced to a level commensurate with his ability to pay.
At the hearing on the motions, defendant testified that he had lost the job he had held at the time of the divorce due to economic conditions in the construction industry, and had been unable to find steady work as a carpenter, even though he had continued to register at the union hiring hall. Finally, defendant testified, he had been forced to accept work at a lower-paying job. Evidence was uncontradicted that defendant’s take-home pay at the time of the hearing was about $105 a week.
*848 It was brought out at the hearing that both parties had remarried, that defendant was heavily in debt, and that defendant and his present wife were expecting another child. Defendant testified that he could not live on $30 a week, the portion of his earnings which would be left over if he were required to maintain the $75 a week support payments. Plaintiff testified that the needs of the children had substantially increased. She testified that one of the children had asthma, with monthly medical expenses of up to $100. Additionally, the older children attended Catholic schools, with commensurate expenses.
The trial court denied the motions to modify of both parties. Defendant was adjudged to be in contempt for non-payment of his obligations under the final judgment of divorce. This appeal followed.
It is too well established to require extensive citation that the matter of increasing or decreasing child support payments provided for in a judgment of divorce is largely within the sound discretion of the trial court, and that the trial court’s determinations will not be disturbed in the absence of a showing of an abuse of that discretion. E. g., McKenna v. McKenna, Fla.App.1969, 220 So.2d 433; Nixon v. Nixon, Fla.App.1967, 200 So.2d 263. A modification of support payments will be granted only upon a showing of a material or substantial change of circumstances of the parties, such as a change in the needs of the children or in the husband’s ability to pay. Kennard v. Kennard, 1938, 131 Fla. 473, 179 So. 660. See also Simmons v. Simmons, Fla.App.1966, 192 So.2d 325.
However, where there is uncontradicted evidence of a substantial change in circumstances, such as a decrease in the ability of the husband and father to pay, failure to modify the support payment provisions of a judgment of divorce may constitute an abuse of discretion. Vilas v. Vilas, 1943, 153 Fla. 102, 13 So.2d 807. In Vilas, the court stated:
“We recognize that the chancellor has a broad discretion in matters of this nature, and that ordinarily his rulings should not be disturbed. But where, as here, testimony is admitted without objection and is not contradicted or impeached in any respect, it should be treated as being received by consent and given all the probative force and effect that its ordinary and usual meaning will afford. Montgomery v. State, 55 Fla. 97, 45 So. 879. And when it consists of facts, as distinguished from opinions, and is not essentially illegal, inherently improbable or unreasonable, contrary to natural laws, opposed to common knowledge, or contradictory within itself, it should not be wholly disregarded or arbitrarily rejected, but should be accepted as proof of the issue for which it is tendered, even though given by an interested party. Brannen v. State, 94 Fla. 656, 114 So. 429. Apparently this rule was not observed.
“As the matter stood at the conclusion of the original divorce suit, the final decree charged the appellant with the payment of approximately one-third of his income for the benefit of the wife— $1,920 a year for alimony, $115 for taxes and insurance, and $473.60 for life insurance premiums. If he must continue to abide by the provisions of the final decree, approximately 60% of his present income will not be taken for that purpose. This is too much. Such a requirement would be excessive and virtually punitive in its nature.”
See also Chord v. Chord, Fla.App.1968, 209 So.2d 281.
In the instant case, the evidence of defendant’s reduced income and consequent ability to pay was uncontradicted. While the trial court has broad discretion in these cases, the court is not free, under the Vilas v. Vilas rationale, to reject out of hand un-contradicted evidence which is not “inherently improbable or unreasonable, contrary to natural laws, opposed to common knowl *849 edge, or contradictory within itself % :|c ff
The effect of the denial of defendant’s motion to modify is to take over 71 per cent of defendant’s income for child support payments. This amount is so excessive as to constitute an abuse of discretion. I would reverse the order denying defendant’s motion to modify the support payment provision of the judgment of divorce, and remand with instructions to enter an order reducing the child support in such an amount as, in the trial court’s sound discretion, justice and equity require. Chord v. Chord, supra.