273 So.2d 780 (1973)
Sylvia M. DeFRANCISCO, Appellant,
v.
Richard A. DeFRANCISCO, Appellee.
No. 72-89.
District Court of Appeal of Florida, Second District.
March 2, 1973.
*781 Tobey C. Hockett, of Hockett & Silver, Sarasota, for appellant.
No appearance for appellee.
HOBSON, Judge.
Appellant Sylvia M. DeFrancisco, appeals an order on petition for modification of a final divorce judgment totally eliminating the alimony awarded in the divorce judgment.
The judgment of divorce, entered in January 1969, ordered appellee Richard A. DeFrancisco to pay $225 per month alimony, as stipulated by the parties in open court. Ths stipulation provided, among other things, that in the event appellant gained employment this would not be cause for reduction of alimony unless she earned over $300 net per month.
On June 11, 1971, appellee filed a motion to modify final judgment, alleging that appellant's wages exceeded $300 per month and that she was well able to support herself on reduced alimony payments. Later he filed an amended motion to modify, alleging that under the final judgment he was also obligated to make $225 per month child support payments as well as pay all medical and dental bills incurred on behalf of the minor child.
On October 5, 1971, appellant filed a petition to modify final judgment, alleging that her needs had increased greatly as a result of an increase in the cost of living, and that appellee's ability to pay a larger sum had greatly increased.
At the hearing appellee testified that he was now making the same amount of money he was making at the time the final judgment of divorce was entered. On cross-examination he testified that his business, which consisted of one-half interest in four beauty salons, had a gross income of anywhere from $150,000 to $400,000 per year and that his adjusted gross income was $19,791 per year.
Appellant's net income for a brief period of time exceeded $300 per month, but she had terminated this job at the Holiday Inn before the hearing on the motions for modification. She testified that she terminated this job because they were beginning to require her to travel and she did not want to leave her little girl alone. Appellee stated that appellant voluntarily quit the job when she found out he was going to take her back to court. At the time of the hearing appellant was earning a net weekly salary of $50.74 as a saleswoman in a women's clothing store.
In the order appealed, dated January 4, 1972, the lower court terminated the alimony after the April, 1972 alimony payment had been made, but reserved jurisdiction over future alimony during the minority of the child.
Under F.S. § 61.14 F.S.A., relating to modification of alimony judgments and agreements, the court may consider a change in the circumstances of the wife as well as the husband; Rogers v. Rogers, Fla.App. 1969, 229 So.2d 618. From the record it appears that there was no substantial change in appellee's circumstances since the entry of the final judgment. If *782 anything, his income, as well as his capital assets and business interest, had increased subsequent to the final judgment of divorce. On the other hand, appellant's income had increased for a few months, but at the time of the hearing it was far below the $300 figure mentioned in the stipulation. This would not justify the total elimination of the alimony award, although it may call for a reduction, since the court may consider a change in the needs of the wife.
The order appealed is reversed and remanded for further proceedings.
Reversed and remanded.
LILES, A.C.J., and McNULTY, J., concur.