285 So.2d 423 (1973)
Herbert W. SCOTT, Appellant,
v.
Marion Waterhouse SCOTT, Appellee.
No. 73-125.
District Court of Appeal of Florida, Second District.
November 2, 1973.
Rehearing Denied December 6, 1973.
*424 Charles E.H. Beck, of DiVito & Beck, St. Petersburg, for appellant.
Edward A. Turville, of McClure & Turville, St. Petersburg, for appellee.
COWART, JOE A., Jr., Associate Judge.
When, after 28 years of marriage, during which the wife was not employed outside the home, the parties were divorced in December, 1970, the final judgment ratified, confirmed and approved their separation agreement in which the appellant-husband agreed to pay the appellee-wife $500 per month for one year and $400 per month thereafter as long as both lived and the wife did not remarry. On September 18, 1972, the appellant-husband filed his petition for modification under F.S. § 61.14, F.S.A. 1971. At the hearing on said petition both parties filed financial statements (R.C.P. Rule 1.611 and form 1.975, 31 F.S.A.) and stipulated to their accuracy. The circuit judge declined to hear testimony and requested memorandums of law as to whether reduction of the support payments would be proper under these circumstances. Thereafter the appealed order denying modification was entered without further hearing.
The order denying modification does not specify the reasoning for the conclusion reached and thus appellant-husband assumes that the circuit judge erroneously concluded he lacked jurisdiction to modify the support provisions in the final judgment because it was based on a negotiated agreement between the parties or that if the circuit judge had jurisdiction he abused his discretion in declining to modify support on the basis of a change of circumstances in that the wife now has a job from which she nets $74.73 per week. While the appellee-wife did modestly suggest below that the circuit court lacked jurisdiction to modify a judgment that did not determine or award alimony support but merely approved a property settlement agreement, on appeal the bare authority and jurisdiction of the circuit court to modify such support provision has been conceded. See Risteen v. Risteen, Fla.App. 1973, 280 So.2d 488.
The appellant argues that the income of the wife alone is such a change of circumstances as to not only justify a modification of alimony but to render a denial of modification an abuse of judicial discretion. The appellee argues the agreed reduction in monthly support payments contemplated the future employment of the wife and that the support provisions were contained in and a part of the property settlement agreement.
The appellant cites Chord v. Chord, Fla.App. 3rd 1968, 209 So.2d 281, for the proposition that when a change of circumstances is clearly shown a petition to modify alimony cannot be denied. It is not every single change alone to which this statement can be applied. Where the *425 amount of alimony is based upon agreement a heavier burden rests upon a party seeking a modification than would otherwise be required. Fowler v. Fowler, Fla. App. 1959, 112 So.2d 411; Nixon v. Nixon, Fla.App. 1967, 200 So.2d 263; and Ohmes v. Ohmes, Fla.App. 1967, 200 So.2d 849. In considering modification the court can and should take into consideration all factors and contrast the total circumstances at the time of the original order with all the current circumstances. Although empowered to do otherwise, a trial judge is sometimes constrained to approve agreements of the parties substantially different from an award entered after an adversary hearing and it is only upon petition for modification that full judicial discretion is, as a practical matter, available and applied. The parties do have a constitutional right to contract about such matters although the court has authority to modify. The court should consider the intent of the parties in making their property settlement and support agreement and its value as a starting point from which to measure change; the parties' previous and present standards of living; their previous and present earning capacities, income and needs; changes in the cost of living, and perhaps even the latest socio-legal views relating to support. The appellant directs this court's attention to Thigpen v. Thigpen, Fla.App. 1st 1973, 277 So.2d 583, while the appellee cites Sherman v. Sherman, Fla.App. 3rd 1973, 279 So.2d 887.
On the record before us we assume the circuit judge considered these matters as they related to the facts before him and inferences therefrom. We cannot say he abused his discretion in arriving at his conclusion and, therefore, the order denying the appellant's petition for modification of final judgment is affirmed and the cause is remanded for the circuit court to exercise the jurisdiction it reserved to assess costs and attorney's fees which should include those incurred in this appeal.
MANN, C.J., and HOBSON, J., concur.