307 So.2d 845 (1975)
Carol T. TSAVARIS, Appellant,
v.
Louis J. TSAVARIS, Appellee.
No. 74-250.
District Court of Appeal of Florida, Second District.
February 5, 1975.
Rehearing Denied March 5, 1975.
*846 Frank Ragano, Tampa, for appellant.
Charles W. Pittman of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
BOARDMAN, Judge.
Both parties sought relief from certain provisions of the final judgment of divorce which had been entered by the trial court. The appellant/wife, by motion for modification, endeavored to require the appellee/husband to pay her income taxes due the City and State of New York on the monies she received from appellee as alimony. The appellee, in his motion for modification, claimed a reduction in the amount of the alimony payments he was obligated to pay the appellant. After a hearing at which both motions were heard, the trial court entered an order reducing the alimony payments in the amount hereinafter shown. In a separate order the trial court denied the appellant's motion requiring appellee to pay her income taxes to the City and State of New York. Appellant timely appeals the rulings of the trial court in both of said orders.
Before deciding the issues presented, we recite part of the background information and pertinent facts. The parties hereto, through their respective attorneys, after rather extensive negotiations attempting to settle property rights and other monetary considerations, entered into a written agreement in which several of their marital matters were settled and agreed upon. Material here is the amount of the alimony payments and the Internal Revenue taxes. The said agreement, inter alia, provided that the appellee was to pay the appellant the sum of $1425 per month, $500 per month child support and the taxes due Internal Revenue Service. The said agreement further provided that it was to be in effect for a period of ten years. It provided further that the alimony payments would terminate upon either the death of appellant, her remarriage, or a change of the financial status of the parties. The agreement aforesaid was incorporated in and made a part of the final judgment of divorce. Appellee's attack upon the amount of the alimony payments was made approximately 14 months after he had agreed to pay the amounts specified in the agreement.
One of the questions for our determination concerns the reduction by the trial court in the modification order whereby the alimony payments were reduced from $1425 per month to $500 per month, effective January 1, 1975. To sustain the order of the trial court, there should be a significant change in the financial status of the parties. After reading the testimony, which is extensive and thorough, we are of the view that the financial ability of the husband to pay the monetary obligations he voluntarily assumed to pay, as disclosed in the said agreement, had increased substantially. It is to be noted that there is testimony in the record that at the time appellee filed his motion for modification he had a very slight decrease in his income due primarily to the fact that he had decided to teach at a medical school in New Jersey and at the same time attempt to carry on his practice of psychiatry in the City of Tampa. Appellee is not presently teaching and, from the record, it appears that he is devoting full time to the practice of psychiatry in Tampa. Notwithstanding, at the time of the hearing on the motions for modification appellee's income had substantially increased over what it had been at the time he entered into the agreement aforesaid and at the time the final judgment of divorce was entered by the trial court. Suffice it is to say that appellee, based upon the testimony adduced at the hearing, failed to meet the burden imposed upon him by law to justify his entitlement to a reduction in the amount of the alimony payments.
*847 As this court held in Scott v. Scott, Fla.
App.2d, 1973, 285 So.2d 423:
... Where the amount of alimony is based upon agreement a heavier burden rests upon a party seeking a modification than would otherwise be required. Fowler v. Fowler, Fla.App. 1959, 112 So.2d 411; Nixon v. Nixon, Fla.App. 1967, 200 So.2d 263; and Ohmes v. Ohmes, Fla.App. 1967, 200 So.2d 849... .
(285 So.2d 423, pp. 424-425).
See, also, Glass v. Glass, Fla.App.2d, 1964, 166 So.2d 487, and Howell v. Howell, Fla. App.2d, 1974, 301 So.2d 781.
Further, appellee did not establish that he had suffered a substantial change in his financial circumstances. See the rationale of the decision of this court in the case of DeFrancisco v. DeFrancisco, Fla.App.2d, 1973, 273 So.2d 780.
Additionally, the record shows that during the negotiations, prior to the execution of the said agreement, the appellee insisted the lump sum alimony be paid on a regular periodic payment basis over a ten-year period, to which request the appellant consented.
Not finding any competent substantial evidence to support the trial court's decision to reduce the alimony payments due appellant, we reverse on this point.
Appellant's second point on appeal is whether it was the intention of the parties that appellee should pay appellant's income taxes for the State and City of New York, as well as her federal income taxes. The final judgment of divorce in pertinent part provides:
2. The defendant shall pay to the plaintiff such income taxes on a quarterly basis upon the foregoing sums as shall be required by the Internal Revenue Service, predicated upon the plaintiff's estimated tax declaration, and shall annually pay any yearly deficiency and shall be entitled to receive any refund due as a result of any deficiency due or excess paid on the plaintiff's estimated tax declaration.
We are aware that there is evidence in the record that as a condition to the agreement that appellant reside in the City of New York. However, to infer from this evidence that it was the intentions of the parties that appellee pay appellant's state and city income taxes would be tantamount to rewriting the above agreement. We are well aware of the principles of law and myriad of decisional law to the effect that a court should not write and/or rewrite a contract executed between the parties to a contract. The language in the final decree limits appellee's liability to pay only appellant's federal income taxes.
The trial court stated:
... The Final Judgment requires defendant to pay plaintiff's Federal income taxes but does not require payment of State and local income taxes. There is no requirement in the Final Judgment that plaintiff reside in New York and she resides there by choice.
This finding of the trial judge is supported by the evidence and, being consistent with applicable principles of law, we affirm on this point.
The appellee is presently paying the appellant the amount of money provided in the modification order, to wit: $500 per month. The appellant filed a motion requesting a stay of the modification order pending this appeal, which we hereby deny. Accordingly, we conclude that the original alimony payments of $1425 per month be reinstated from January 1, 1975, upon the issuance of our mandate.
Affirmed in part and reversed and remanded in part, for the entry of an order consistent with this opinion.
HOBSON, A.C.J., and GRIMES, J., concur.