GRIMES, Judge.
Appellant/former wife appeals an order terminating permanent alimony. The marriage of appellant and appellee/former husband was dissolved in 1972 after fifteen years of marriage. The final judgment of dissolution incorporated a property settlement agreement which provided for the payment to appellant of $50.00 a week as permanent alimony. Appellant lives with the three minor children of the parties and is unemployed.
In 1973, appellee filed a petition to terminate alimony, alleging that appellant had done nothing to rehabilitate herself and that she had told appellee she would never remarry because she enjoyed receiving alimony. The trial court granted the petition. Appellant claims this was error, and we agree.
Fla.Stat. § 61.14 (1973) which relates to the modification of alimony judgments and agreements provides that the court may consider changes in the circumstances or financial ability of either party and may make orders as equity requires. To justify a modification, the change must be significant. Tsavaris v. Tsavaris, Fla.App.2d, 1975, 307 So.2d 845 (Opinion filed February 5, 1975); Howell v. Howell, Fla.App.2d 1974, 301 So.2d 781. Further, whére the amount of alimony to be paid is based on an agreement between the parties, a heavier burden rests upon the party seeking modification that would oth *849 erwise be required. Tsavaris v. Tsavaris, supra; Scott v. Scott, Fla.App.2d, 1973, 285 So.2d 423.
The record indicates that appellee voluntarily entered into the property settlement agreement. The agreement contains no provision requiring appellant to seek employment. Moreover, the record indicates that since the entry of the final judgment appellee’s income has actually increased. The fact that his expenses have also increased because he has a new family is immaterial. Schiff v. Schiff, Fla.1951, 54 So.2d 36; Williams v. Williams, Fla.App.2d, 1968, 212 So.2d 778.
Appellee has failed to demonstrate the significant change in circumstances or financial ability of either party necessary to justify a modification.
Reversed.
McNULTY, C. J., and BOARDMAN, J., concur.