347 So.2d 726 (1977)
Pamela S. FREELAND, Formerly Known As Pamela S. Purcifull, Appellant,
v.
Lee Morton PURCIFULL, Appellee.
No. 76-1589.
District Court of Appeal of Florida, Second District.
June 15, 1977.
*727 Douglas A. Wallace, Bradenton, for appellant.
No appearance for appellee.
OTT, Judge.
Appellant/former wife appeals an order modifying the final judgment of dissolution of marriage which relieved the appellee/former husband from making any alimony payments beyond a certain date.
The marriage of the parties was dissolved in 1973. The final judgment of dissolution incorporated a property settlement agreement which provided for the payment to appellant of $250 a month for five years or until her remarriage. In October of 1975, the lower court reduced the amount of support to $195 a month pursuant to a stipulation of the parties. On May 26, 1976 the husband filed a petition to terminate or reduce alimony payments on the ground that the financial circumstances of the parties had changed substantially since the entry of the final judgment of dissolution. The husband alleged that the wife was no longer in need of alimony payments and that he was not financially able to make the payments.
The trial court granted the petition. Appellant claims that this was error. We agree and reverse.
There is no question that the husband is on the verge of bankruptcy. However, the evidence concerning the husband's substantial monthly expenses furnishes no legal rationale for a termination of his support obligations to his wife. In Scott v. Scott, 285 So.2d 423, 424-25 (Fla. 2d DCA 1973) the court held that "[w]here the amount of alimony is based upon agreement a heavier burden rests upon a party seeking a modification than would otherwise be required." See Quinn v. Quinn, 307 So.2d 848, 848-49 (Fla. 2d DCA 1975); Tsavaris v. Tsavaris, 307 So.2d 845, 847 (Fla. 2d DCA), cert. denied, 322 So.2d 914 (Fla. 1975).
The husband lives alone in a four bedroom, three bath house which he purchased and furnished after the final judgment of dissolution of marriage. Moreover, the majority of his substantial indebtedness  over and above his house and furniture payments  was also incurred after the dissolution of marriage.
To justify a modification of alimony or support payments the change of circumstances including financial circumstances of one or both of the parties must be substantial. Chastain v. Chastain, 73 So.2d 66 (Fla. 1954); See Section 61.14(1), Florida Statutes (1975); Quinn v. Quinn, supra; DeFrancisco v. DeFrancisco, 273 So.2d 780 (Fla. 2d DCA 1973).
At the time of dissolution the wife's earnings were approximately $8,900. The fact that she now makes $11,900 is not sufficient to bar the continued receipt of alimony payments. The mere fact of an increase in the wife's income does not amount to a substantial change in circumstances. Accord, Reese v. Reese, 330 So.2d 89 (Fla. 1st DCA 1976). More important is the fact that the husband's income has risen during the same period from $15,700 to $21,300. Although the court is sympathetic with the financial plight of the husband, a modification or termination of an agreement to pay alimony is not justified where the husband's inability to pay is caused by matters within *728 his control. Cf., Gamse v. Gamse, 291 So.2d 620 (Fla. 3d DCA 1974).
Reversed.
BOARDMAN, C.J., and HOBSON, J., concur.