GREEN, 0., Associate Judge.
The Wife timely appeals an order of the lower court approving an order of a General Master which granted the Husband’s Petition for Modification of Alimony. We reverse.
The parties were married for ten years. A Final Judgment of Dissolution was entered on November 21, 1981, awarding the Wife rehabilitative alimony in the amount of $200.00 per week for three years. The trial court reserved jurisdiction as to the issue of permanent alimony.
The Husband filed his Petition for Modification of Alimony prior to the expiration of the prescribed rehabilitative alimony period. The proceeding was referred to a General Master, who found that the financial circumstances of the Wife were improved by a post-divorce award of Social Security benefits in the form of a lump sum payment and $465.00 per month. The Wife is physically disabled to the extent she is not able to work. The General Master also found that the Husband’s income had increased from $26,000.00 annually at the time of divorce, to $44,536.00 annually at the time of modification.
We find that the financial circumstances of the parties at the time of the hearing before the General Master do not justify a Modification of the Rehabilitative Alimony Award provided for in the Final Judgment of Dissolution. Freeland v. Purcifull, 347 So.2d 726, (Fla. 2d DCA 1977): Punie v. Punie, 291 So.2d 23 (Fla. 3d DCA 1974); Scott v. Scott, 285 So.2d 423, (Fla. 2d DCA 1973). Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA 1980); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The order of the trial court, approving the report of the General Master, is therefore reversed with direction that the rehabilitative alimony award contained in the Final Judgment of Dissolution be reinstated.
REVERSED.
ANSTEAD, C.J., and HURLEY, J., concur.
BY ORDER OF THE COURT:
ORDER GRANTING MOTION FOR CLARIFICATION
The Appellant Wife filed a Motion for Clarification with regard to this court’s opinion of September 26, 1984. She wishes to know whether our decision is retroactive so that she is entitled to unpaid alimony which has accrued under the Final Judgment of Dissolution, entered on November 21, 1981. We answer the question in the affirmative.