PER CURIAM.
This is an appeal by the husband John W. Mitchell, Jr. from a final order denying his motion to modify a final judgment of marital dissolution. We affirm.
First, the trial court properly concluded, based on sufficient evidence adduced before the general master, that the *914 husband’s total income from all sources had increased, not decreased, since the entry of the final judgment. We have not overlooked the husband’s contention that his farm-related income has drastically declined, but are not persuaded thereby. Based on this record, the general master and the trial judge were entitled to discount the husband’s claimed financial losses and find that his overall income, including his salary as an insurance agent, had not declined, but had increased. This being so, the trial court correctly (1) denied any downward adjustment in the wife Aletha Mitchell’s alimony, as provided in the property settlement agreement between the parties, and (2) denied an award of child support for the husband. Nissen v. Murphy, 528 So.2d 502, 504 (Fla. 2d DCA 1988); Peak v. Peak, 411 So.2d 325, 327 (Fla. 5th DCA 1982); Freeland v. Purcifull, 347 So.2d 726 (Fla. 2d DCA 1977); Hagen v. Hagen, 308 So.2d 41 (Fla. 3d DCA 1975); §§ 61.13(1)(a), 61.14(1), Fla.Stat. (1989).
Second, there was no basis, as urged, to reduce the wife’s alimony based on an increase in the wife’s income. Such was not provided for in the property settlement agreement between the parties, and the terms for such reduction, as provided in said agreement, were not otherwise subject to modification. As the trial court correctly concluded, these alimony provisions, including the provisions for downward modification, were bargained for by the wife in exchange for valuable property rights which she gave up in the subject agreement. This being so, the said alimony provisions were not subject to modification. Salomon v. Salomon, 196 So.2d 111 (Fla. 1967); Karch v. Karch, 445 So.2d 1077 (Fla. 3d DCA 1977).
Affirmed.